IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 4:09-CV-1859(CEJ) |
| ) | |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | |
| ROGER HARRIS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF THE SEPARATE DEFENDANT ROGER HARRIS

COMES NOW the separate Defendant Roger Harris, and for his Answer to Plaintiff's Complaint states as follows:

1.   With regard to the allegations in paragraph 1, the separate Defendant Roger Harris admits only that Plaintiff purports to bring an action pursuant to Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act"), 42 U.S.C. §3601-3631.  The separate Defendant Roger Harris denies each and every other allegation contained in paragraph 1 not herein expressly admitted.

2.   With regard to the allegations contained in paragraph 2, the separate Defendant Roger Harris admits only that Plaintiff seeks jurisdiction of this Court pursuant to 28 U.S.C. §1345, 42 U.S.C. §3612(o) and 42 U.S.C. §3614(a).  The separate Defendant Roger Harris denies each and every other allegation contained in paragraph 2 not herein above expressly admitted.

3.   The separate Defendant Roger Harris denies the allegations contained in paragraph 3.

4.	With regard to the allegations contained in paragraph 4, the separate Defendant Roger Harris admits only that Forum Manor Apartments is a 44-unit residential property located at 1900 Farrar Drive in Rolla, Missouri. The separate Defendant Roger Harris denies each and every other allegation contained in paragraph 4 not hereinabove expressly admitted.

5.	With regard to the allegations contained in paragraph 5, the separate Defendant Roger Harris admits only that he is 52 years old, a resident in Rolla, Missouri, and is of the Caucasian race. The separate Defendant Roger Harris admits further that for some period of time he has been the property manager for Forum Manor Apartments. The separate Defendant Roger Harris admits further that in such capacity, he is responsible for some aspects of the management of Forum Manor Apartments. The separate Defendant Roger Harris denies each and every allegation contained in paragraph 5 not herein expressly admitted.

6.	With regard to the allegations contained in paragraph 6, the separate Defendant Roger Harris admits that he was hired as the property manager of Forum Manor Apartments. With respect to the remaining allegations contained in paragraph 6, the separate Defendant Roger Harris is without information sufficient to form a belief as to the truth of said allegations, and therefore denies each and every allegation contained in paragraph 6 not herein above expressly admitted.

7.	The separate Defendant Roger Harris is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies the allegations contained in paragraph 7.

8. The separate Defendant Roger Harris is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies the allegations contained in paragraph 8.

9. The separate Defendant Roger Harris denies the allegations contained in paragraph 9.

10. The separate Defendant Roger Harris denies the allegations contained in paragraph 10.

11. The separate Defendant Roger Harris denies the allegations contained in paragraph 11.

12. The separate Defendant Roger Harris denies the allegations contained in paragraph 12.

13. The separate Defendant Roger Harris denies the allegations contained in paragraph 13.

14. The separate Defendant Roger Harris denies the allegations contained in paragraph 14.

15. With regard to the allegations contained in paragraph 15, the separate Defendant Roger Harris admits only that at some point in time, he became aware that HUD investigators were talking with some tenants at Forum Manor Apartments. The separate Defendant Roger Harris denies each and every other allegation contained in paragraph 15 not herein expressly admitted.

16. The separate Defendant Roger Harris denies the allegations contained in paragraph 16.

17. The separate Defendant Roger Harris denies the allegations contained in paragraph 17.

18. The separate Defendant Roger Harris denies the allegations contained in paragraph 18.

19. The separate Defendant Roger Harris denies the allegations contained in paragraph 19.

20. The separate Defendant Roger Harris denies the allegations contained in paragraph 20.

21. The separate Defendant Roger Harris denies the allegations contained in paragraph 21.

22. The separate Defendant Roger Harris denies the allegations contained in paragraph 22.

23. The separate Defendant Roger Harris denies the allegations contained in paragraph 23.

24. Regarding the allegations contained in paragraph 24, the separate Defendant Roger Harris is without information sufficient to form a belief as to the truth of said allegations, and therefore denies the allegations contained in paragraph 24.

25. The separate Defendant Roger Harris denies the allegations contained in paragraph 25.

26. The separate Defendant Roger Harris denies the allegations contained in paragraph 26.

27. Regarding the allegations contained in paragraph 27, the separate Defendant Roger Harris is without information sufficient to form a belief as to the truth of said allegations, and therefore denies the allegations contained in paragraph 27.

28. Regarding the allegations contained in paragraph 28, the separate Defendant Roger Harris is without information sufficient to form a belief as to what the Secretary of HUD did with respect to the investigation or preparation of reports and therefore denies the allegations contained in paragraph 28.

29. The separate Defendant Roger Harris is without information sufficient to form a belief as to the truth of said allegations contained in paragraph 29, and therefore denies the allegations contained in paragraph 29.

30. The separate Defendant Roger Harris is without information sufficient to form a belief as to the truth of said allegations contained in paragraph 30, and therefore denies the allegations contained in paragraph 30.

31. For his answer to paragraph 31 of Plaintiff's Complaint, the separate Defendant Roger Harris restates, realleges and incorporates herein by reference his answers to paragraphs 1 through 30, inclusive, as if set forth more fully herein.

32. The separate Defendant Roger Harris denies the allegations contained in paragraph 32.

33.     The separate Defendant Roger Harris denies the allegations contained in paragraph 33.

34.     The separate Defendant Roger Harris denies the allegations contained in paragraph 34.

35.     For his answer to paragraph 35, the separate Defendant Roger Harris realleges, restates and incorporates herein by reference his answers to paragraphs 1 through 34, inclusive, as if set forth more fully herein.

36.     The separate Defendant Roger Harris denies the allegations contained in paragraph 36.

37.     The separate Defendant Roger Harris denies the allegations contained in paragraph 37.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE:** Plaintiff's Complaint and each claim therein fails state a claim against the separate Defendant Roger Harris upon which relief can be granted.

**SECOND DEFENSE:** All or part of Plaintiff's claims are barred for failure to satisfy the jurisdictional prerequisites to this action.

**THIRD DEFENSE:** All or part of Plaintiff's claims are barred for failure to exhaust the applicable administrative remedies.

**FOURTH DEFENSE:** Plaintiff's claims are barred in whole or in part by the relevant statute of limitations.

**FIFTH DEFENSE:** Any action by the separate Defendant Roger Harris has been for lawful, legitimate and non-discriminatory business reasons unrelated to any individual's race or any other protected category.

**SIXTH DEFENSE:** At all times relevant hereto, the separate Defendant Roger Harris acted in good faith, and the separate Defendant Roger Harris would have taken the same actions, if any, regardless of the various individuals' race or any other protected category.

**SEVENTH DEFENSE:** Plaintiff has not alleged or established sufficient facts to permit or entitle Plaintiff to recover punitive damages, and an award of punitive damages would violate the separate Defendant Roger Harris's rights in the United States Constitution, including without limitation, the Due Process Clause, the Takings Clause, and/or the Equal Protection Clause.

**EIGHTH DEFENSE:** Plaintiff's Complaint does not state a claim for punitive damages because it violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 2; Article I, Section 10; Article I, Section 19; Article I, Section 18(a); and Article I, Section 21 of the Missouri Constitution.

**NINTH DEFENSE:** The separate Defendant Roger Harris reserves the right to amend his answers and to add additional defenses as Plaintiff's claims are more fully disclosed in the course of this litigation.

**<u>JURY DEMAND</u>**: The separate Defendant Roger Harris hereby demands a trial by jury on all claims contained in Plaintiff's Complaint.

WHEREFORE, having fully answered, the separate Defendant Roger Harris respectfully requests this Court enter judgment in his favor, and dismiss Plaintiff's Complaint and award separate Defendant Roger Harris his costs and expenses in this matter.

Respectfully submitted,

HORAS, RADICE & KELLETT, L.L.C.

/s/ Timothy K. Kellett
Timothy K. Kellett, Mo.#26555, Fed.#3538
Attorneys for Defendant Roger Harris
911 Washington Avenue - Suite 400
St. Louis, Missouri 63101-1208
(314) 241-4505
(314) 241-7779 (Fax)
tkellett@hrkllc.com

Copy of the foregoing sent via the Court's ECF filing system this 19th day of January 2010, to: Jane Rund, Assistant United States Attorney, Attorney for Plaintiff, Thomas Eagleton U.S. Courthouse, 111 South 10th Street, 20th Floor, St. Louis, MO 63102; Thomas E. Perez, Steven H. Rosenbaum, Rebecca B. Bond, Max Lapertosa, Attorneys for Plaintiff, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Northwestern Building, 7th Floor, Washington, DC 20530; Bryan D. Scheiderer, Scheiderer Law Firm, LC, Attorneys for Defendant Roger Harris, 901 North Pine Street, Suite 308, Rolla, MO 65401; Peter J. Krane, Steven P. Sanders, Williams Venker & Sanders, LLC, Attorneys for Defendants Hediger Enterprises, Inc., Forum Manor Associates, L.P., and Forum Manor LLC, 100 North Broadway, Suite 2100, St. Louis, MO 63102.

/s/ Timothy K. Kellett